## GAVIN ET AL *v.* GAVIN ET AL.

[76 South. 879, Division B.]

1. PARTITION. *Pleading. Sufficiency. Code* 1906, *section* 1649.

Under Code 1906, section 1649, providing that land shall descend to children and wife in equal parts, where a bill for partition alleged that all the parties were children of the deceased owner except one who was the wife of deceased, that the land was not a homestead nor exempt, that defendants, the wife and a part of the children, refused to let plaintiff enter and occupy the lands, such a bill was not subject to the demurrer of the wife and other defendants on the grounds that there was no equity in the bill, and that it showed on its face that the wife was entitled to the use of the lands mentioned in the bill as a homestead during her widowhood.

2. PARTITION. *Accounting. Trust.*

Even though a bill attempted to partition exempt land without the widow's consent, a demurrer to it should not be sustained and the bill dismissed where it also asked for an accounting for timber cut by the widow.

3. APPEAL AND ERROR. *Matters reviewable. Matters not of record.*

The supreme court on appeal can only decide the case presented by the record.

APPEAL from the chancery court of Noxubee county. HON. A. Y. WOODWARD, Chancellor.

Bill by Nicholas Gavin and others against Rosa Gavin and others for partition and accounting.

From a decree for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Geo. Richardson* and *Green & Green,* for appellant.

Counsel contends that this proceeding is merely to obtain the use and benefit of the homestead. However, the demurrer expressly admits the allegation of the bill which sets forth that the timber had been removed

and in so doing "has denuded said lands, of their greatest asset in the sale of said timber, which timber was the most valuable on said land."

Now in *McKenzie* v. *Shows,* 70 Miss. 390, it was expressly held that: "The growing trees are a part of the realty, and may be, in case the lands are what are denominated timber lands in contradistinction to' other lands called agricultural lands, a very valuable part of the realty. In a readily supposable case, the sale and removal of the entire forest growth would practically destroy the value of the realty. In the case at bar it is alleged in the bill, and not denied in the answer, that the lands in question would be only worth about one-half as much as they are, if the timber should be taken off."

Hence by this direct decision, if the said James Gavin had no power, without Rosa's consent, to denude the homestead of this timber and thus convert a part of the homestead to his own use, it goes without saying that those who are tenants in common, and who, at most have but the right to object to a partition could not do that which the owner in fee could not have done. This case of *McKenzie* v. *Shows* is conclusive.

We deny that the sole question in this case is the right to enjoy the land "free from rent or hire and from partition during her widowhood."

The contention turns chiefly upon the destruction of the timber and the impairment of the rights as set forth in the original brief.

We respectfully submit that admitting the right of the widow to make a selection under chapter 216 of the Laws of 1912, that no selection has been made in conformity therewith, because when such selection is made where the husband leaves a widow and children, such selection must be the joint selection of widow. and children and not the selection of the widow alone.

In order to determine the rights under section 1659 and to make a selection thereunder, the property must have descended in accordance therewith.

In the case at bar we asked for a decree against the widow for property which she has already destroyed and converted. With deference, we submit that the accounting herein should be granted and the relief given, especially as the appellee, Rosa Gavin, has no right to do other than keep the property from being partitioned, which does not vest in her the power to divide it so as to take part of it and appropriate it to her own use and benefit, and let the other go.

*Strong & Bush,* for appellee.

The sole question to be decided in this case is whether or not the widow, Rosa Gavin, is entitled to the use and occupation of this land in question free from rent or hire and from partition during her widowhood, although her husband, Jas. Gavin, did not reside on this land at the time of his death. It is true that for the sake of the demurrer every material allegation in the bill filed in this cause had to be admitted, but regardless of these admissions about the shotgun proceedings and the wholesale cutting of timber, which allegation makes it look like this woman is a holy terror, still this whole proceeding, as shown by the pleadings, is purely and simply an attempt to partition this land by having a sale of the same and thereby defeating the very part of a law made for the welfare of a family of this kind where there are a great number of children by a former wife scattered in every direction and another set of children by the present widow who are minors and dependent upon their mother for support.

Section 1659 of the Code of 1906, is in the following words: "Exempt property not to be partitioned in certain cases." "Where a decedent leaves a widow to whom

with others, his exempt property, real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood as long as it is occupied or used by the widow, unless she consents."

Under chapter 216 of the Laws of 1912, provides for the selection of property by the widow in case a homestead has not been designated by the deceased husband during his lifetime, and it will be noted that in this act of the legislature the widow has a right to designate the property as the homestead of the decedent and not as a homestead of his widow and children, and the very purpose of this law was to give the widow and her family every right given under section 1659 of the Code of 1906, and keep down any confusion with other sections of the statute relative to exempt property.

In this case it was not essential for the widow Rosa Gavin, or other heirs at law, to make a homestead declaration for the reason that there was no other property to select from, but the chapter 216 of the Laws of 1912, is of more benefit in case the decedent dies seized of more than one hundred and sixty acres of land no homestead had ever been made in order to apprize the creditors of what land they might expect to issue execution on or apply to their debts, and certainly in the latter case if homestead is made by the widow she automatically derives the benefit and protection under section 1659 of the Code of 1906, that being the case, how in reason can there be any difference in the rights given the widow with a whole lot of land and where she has only a little piece of one hundred and twenty acres.

We have examined the whole history of the legislation in this state on the subject, Acts of 1839, 1846, 1852, 1860, 1865, and the Code, and all of the decisions on any and all of them, and have reached a conclusion now to be stated, and which is generally foreshadowed in *Middleton* v. *Claughton*, 77 Miss. 135, though it did not present the question we now have before us. However, it distinctly recognized it as a separate question.

"Section 1551, Code of 1892, which is the same as section 1277, Code of 1880 (Code of 1906-1657.), provided that the property, real and personal, exempted by law from sale under execution or attachment, shall, on the death of the husband or wife owning it, descend to the survivor of them and the children of the decedent, as tenants in common.

Section, 1553, of the Code of 1892 (section 1659 of Code of 1906) is this: "Where a decedent leaves a widow to whom, with others, his exempt property, real and personal, descends, the same shall not be subject to a par-. tition of sale for partition during her widowhood, so long as it is occupied or used by the widow, unless by her consent." *Stephens* v. *Wilbourn,* 84 Miss. 514. Judge CALHOUN says, we adhere to the decisions in *Martin* v. *Martin,* 84 Miss. 533, and it carries the case.

The chancellor was right in overruling the motion of appellant to dissolve the injunction granted on the cross-bill of appellee on the pleadings and agreed evidence. So much we say on the point of the right of the widow to the undisturbed possession of the homestead.

Our court goes so far as to say in *Tally* v. *Tally,* 108 Miss. 84, that a decree in partition ordering and confirming a sale of homestead rights to which the widow objects to be vacated and the bill dismissed.

With confidence we think that it would be an imposition on this court to cite all of the law in cases of this kind.

We further think that if the court should hold that this land could not be partitioned, that under the bill filed, complainants could not ask the widow for an accounting for any waste. The bill would be multifarious.

ETHRIDGE, J., delivered the opinion of the court.

Appellants filed their bill in the chancery court, alleging that James Gavin departed this life intestate

about the 18th day of August, 1915, and left surviving him the complainants and the defendants as his heirs at law, the defendant Rosa Gavin being his wife, and the others being children, four of the children being children of the deceased and Rosa Gavin, and the others being children of a former marriage. It is alleged that the decedent died seised and possessed in fee simple of certain lands described in the bill. It was further alleged that at the time of the death of James Gavin no part of the land described in the bill constituted a homestead of the said Gavin, deceased, and that he had never resided upon the lands, nor improved the same as a homestead. It is further alleged that Rosa Gavin entered upon the lands in question subsequent to the death of James Gavin and was claiming the right to use them; that she had cut from the lands timber growing thereon, or the principal part thereof, and converted the same to her own use; and that she had forbidden the complainants from entering upon or exercising any control or ownership over the land. It was also alleged that Rosa Gavin cut about three hundred trees from the said land, and that she would not permit the complainants to go upon the land for the purpose of determining the number of trees cut. The bill further alleged that it was impracticable to carve out fifteen interests in the said lands, and prayed for a partition of said lands, or a sale for partition, and for an accounting by Rosa Gavin of the timber cut, and that she be charged therewith and the charge made a lien on her interests in the said property, and alleging that the timber cut and sold by Rosa Gavin was worth more than her interest in the property. The bill was demurred to by the defendants, on the grounds that there was no equity in the bill, and that it showed on its face that Rosa Gavin was entitled to the use of the said land mentioned in the bill as a homestead during her widowhood. The demurrer was sustained by the chan-

cellor, and an appeal taken. In the decree allowing the appeal it was recited that:

"Counsel agree that only the bill as amended, the demurrer, and the decree need be sent to the supreme court."

It appearing from the bill that all the parties were children of the decedent except Rosa Gavin, and she was his wife, and it being alleged that she refused to let them enter upon and occupy the lands, and it being further alleged that the decedent had never occupied the lands as a homestead, we think the chancellor was in error in sustaining the demurrer to the bill. Section 1649, Code of 1906, provides for the descent of land other than exempt lands, and provides that it shall descend to the children and wife in equal parts. Section 2146 provides for the exemption of homesteads in the country, and provides that the lands and buildings owned and occupied as a residence by the owner shall be exempt, not to exceed one hundred and sixty acres in quantity and over three thousand dollars in value. Section 1657 of the Code provides for the descent of exempt property, providing that it shall descend to the children and wife, and under this section each has an equal interest and right in the homestead. Section 1659 provides that, where the decedent leaves a widow to whom with others his exempt property, both real and personal, descends, the same shall not be subject to partition or sale for partition during her widowhood so long as it is occupied or used by the widow, unless she consents.

Among the allegations of the bill it was alleged that the property was not exempt property of the decedent, and the demurrer admits this; but, even if this was not true, the bill should have been retained, and an accounting of the timber cut and sold required. The appellees in their brief refer to a homestead declaration filed by the widow subsequent to the death of James Gavin, deceased, selecting the lands in question as a homestead

under the provisions of chapter 216, Laws of 1912. The record, however, does not contain any such declaration, and as we can only decide the case presented by the record, we do not decide what effect, if any, such declaration would have upon the suit.

The cause is reversed and remanded.

*Reversed and remanded.*