SUGG, Justice,
for the Court:
Defendant was indicted by a grand jury in the Second District of Jones County for the unlawful sale of amphetamines in violation of the Uniform Controlled Substances Law of 1971. The indictment also charged that defendant was an habitual offender under section 99-19-81 Mississippi Code Annotated (1972). The jury found defendant guilty of the sale of amphetamines. Following the jury verdict a separate hearing was held under Rule 6.04 of the Uniform Criminal Rules of Circuit Court Practice and defendant was sentenced under sections 99-19-81 and 41-29-139(c)(3) Mississippi Code Annotated (Supp.1978) to 20 years imprisonment and fined $30,000. The order of sentence provided that the sentence should not be reduced or suspended nor the defendant be eligible for parole or probation.
The only assignment of error is that the court erred in allowing into evidence a uniform arrest ticket to show a prior conviction of a crime used to impeach the testimony of the defendant.
Defendant testified in his own behalf, and on cross-examination the following questions and answers appear:
Q. Are you the same Gerald David Malone that on April 1, 1978, paid a fine in the Town Court of Soso, Mississippi for possession of a controlled substance?
A. I paid a fine for improper muffler, improper — no, speeding and improper muffler and evading an officer, and the fellow wrote me out a ticket that night on a piece of paper, and I have a receipt. It would take some time to find it. I had borrowed the car and I didn’t know — I think it was an improper or expired tag, and I had borrowed the car that night and it belonged to Mr. J. D. Little, and I had had it about 20 minutes when they stopped me.
Q. You talking about him writing you a ticket, and is that a copy of the ticket he wrote you out that night?
A. No, sir.
MR. YOUNG: May I see that?
A. No, sir, it was on a piece of notebook paper.
*38 Q. And you were never issued an Uniform Arrest Citation?
A. No, sir.
Q. Just the policeman at Soso stopped you and wrote you out something on a little sheet of paper, and is that what you are telling the jury?
A. Yes, sir.
Q. And they didn’t give you a ticket?
A. No, sir. He wrote it on a piece of notebook paper.
Q. And you never did receive a copy of this?
A. No, sir.
Q. But your date of birth is January 11, 1948?
A. Yes, sir.
Q. And you were driving a 1969 Pontiac owned by a Mr. Little?
A. Yes, sir. It was about 9:30 at night when he stopped me, and he said if I wanted to post an $80.00 bond that would be fine, you know, for what I did for the ticket, and he wrote — all he had with him was a little piece of paper and he wrote me a receipt right then on a piece of notebook paper.
Q. The policeman that stopped you wrote you a receipt on a piece of notebook paper?
A. Yes, sir.
Q. And you gave him $80.00 in cash and drove off?
A. Yes, sir.
Q. And you were not charged with possession of a controlled substance?
A. No, sir.
Q. And you paid the cash fine and forfeited your bond?
A. Yes, sir.
Q. And you say the cash fine you paid was not for possession of a controlled substance?
A. No, sir.
MR. SMITH: I have no further questions.
The Mayor of Soso was called as a rebuttal witness and, over objection, a uniform arrest ticket was introduced in evidence. The ticket was dated March 21, 1978, and notified defendant to appear before the Mayor of Soso on April 1, 1978, “To answer for violating the laws of the Town of Soso (1) PUB Drunk (2) POS. of Cont. Sub. (3) EXP. D.L.” On direct examination the Mayor testified that a fine of $80 was levied for the three offenses. On cross-examination the Mayor did not remember whether defendant posted bond and forfeited it or whether he appeared in court and was tried. The Mayor was asked if he had a docket that would show the conviction and his answer was:
No, sir, we have a docket — just a regular docket. —a Mayor’s Docket, but evidently he . was not locked up on a charge like this.
A docket showing that defendant had been convicted of the possession of a controlled substance was not introduced, neither was a certified copy of a judgment of conviction introduced. Apparently the charges against defendant in the Town of Soso were disposed of under section 21-23-17 Mississippi Code Annotated (1972) which follows:
In all cases involving charges of violations of the traffic laws or ordinances of a municipality having a police court, when the person charged desires to waive a trial and not appear in court and defend the charge, the amount of the fine may be agreed upon in advance by the person charged and the traffic violations department of such municipality. The fine may be paid in advancé without a court trial provided the person charged is notified by language plainly printed on the ticket or summons issued to him advising him of his rights to a trial and the consequences of a voluntary payment of such fine. In cases where formal charges have been made and the person charged has been notified to appear in court at a certain date and time, such traffic departments are authorized to accept a cash bond not to exceed the amount of the fine and costs conditioned upon the appearance of such person at such time and, upon his failure to appear, such cash bond shall be forfeited and a fine entered in an amount *39 not to exceed the amount of such bond. In the event a person so charged prepays his fine after notice of his rights, this shall constitute a waiver of formal charge, arraignment, and trial and in such cases and in cases of a bond forfeiture the payment of such fine or the forfeiture of such bond shall be tantamount to and shall constitute a conviction of such person for the offense stated in the ticket or summons and such conviction shall be reported to the commissioner of public safety as required by law. It shall not be necessary to enter such cases in the police court docket provided a permanent record is kept of the name of the person charged, the tag number of the vehicle involved, the ticket number issued to such person, the offense charged and the amount of the fine paid by such person.[1]
Section 21-23-17 applies only to charges for violating traffic laws and the procedure prescribed may not be used in prosecuting a charge of public drunkenness or possession of a controlled substance. The last sentence of the section permits disposition of traffic cases without the necessity of entering such cases in the police court docket provided a permanent record is kept as required. However, in all criminal cases the usual procedure for prosecuting and docketing criminal cases must be followed. The uniform arrest ticket was not evidence of a conviction of defendant for the sale of controlled substance in the Town of Soso. It was error to permit the introduction of the uniform arrest ticket in an attempt to show that defendant had been convicted of possession of a controlled substance.
We hold that impeaching defendant by the use of incompetent evidence was reversible error in this case because the credibility of the defendant was an important fact to be considered by the jury in this case.
Earl Plymale, an undercover agent for the Sheriff of Jones County, testified that he purchased three amphetamine capsules from the defendant on August 12, 1979, for $15. Defendant denied that he sold any capsules to Officer Plymale so the jury was faced with determining which of the two witnesses was telling the truth. Officer Plymale was corroborated to some extent but he and the defendant were the only two present when Plymale claimed he bought amphetamines from the defendant. This incompetent evidence was particularly damaging to the defendant and no doubt was an important factor in the minds of the jury when it was called upon to determine which of the two was telling the truth. It was highly prejudicial in this case because defendant was charged with selling a controlled substance and the incompetent evidence showed he had been convicted of possession of a controlled substance. We therefore decline to apply the harmless error rule.
Defendant also suggests in his brief that it is questionable whether there is such a crime as possession of a controlled substance. We do not address this question because we do not have a proper record before us. The question should be considered by the trial court upon remand.
We direct the attention of the parties and the court to section 21-23-7 Mississippi Code Annotated (1972) which provides in part:
He shall also be ex-officio justice of the peace in all cases arising within the corporate limits of the municipality and shall discharge the duties thereof. In all cases he shall keep separate dockets for criminal matters and for his proceedings as ex-officio justice of the peace.[2]
On retrial if the state relies on the conviction of defendant for possession of a controlled substance in the Town of Soso, evidence should be offered to show whether *40 the Mayor was sitting as a police justice or as an ex-officio justice of the peace, and the judgment of conviction, if any, should be shown by introduction of the proper docket or certified copy of the judgment.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.

. Section 21-23-17 was amended by Laws of 1979, Chapter 401, Section 10, effective from and after July 1, 1979. The statute quoted is the statute in existence before the 1979 amendment.

. This sentence was repealed by Laws of 1979, Chapter 401, Section 4, effective July 1, 1979. Under the amended statute Municipal Court Judges are no longer ex-officio justices of the peace.