# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00266-SCT

*THOMAS COX*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/96 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 09/11/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/2/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

On October 5, 1994, Thomas Cox plead guilty to possession of cocaine as a habitual offender in Clay County Circuit Court. He was sentenced to three years in prison without the possibility of parole and fined a $1,000.00. The trial judge noted that on a previous day and in another term of court, Cox had entered a plea of not guilty to a charge of the sale of cocaine as a habitual offender in cause number 6860. The State agreed to reduce the charges to possession of a controlled substance as a habitual offender. The court agreed to the State's request to "retire to the files" another charge for sale of cocaine in cause number 6871 pursuant to the plea agreement. The State explained that Cox is possibly suffering from AIDS and was going to testify for the State in a murder prosecution which had been disposed. Cox plead guilty to the sale of a controlled substance as a habitual offender.

The trial court conducted a hearing pursuant to Uniform Circuit Court Rules of Civil Procedure

8.04.[1] The trial judge determined that Cox completed the ninth grade and can read and write a little bit. Cox stated that he had reviewed the petition with his lawyer and understood everything in the petition. The petition to plead guilty is not in this record.

Cox was advised of the minimum and maximum sentences. Cox acknowledges that if he was found guilty as a habitual offender he would receive three years in prison without eligibility for early release and a one thousand-dollar fine. The trial judge determined that Cox's plea was freely, voluntarily, knowingly and intelligently entered with a factual basis to support the charge.

The trial court then held a hearing on Cox's habitual offender status pursuant to U.C.C.C.R. 11.03.[2] The trial court stated that Cox was convicted in Clay County, cause number 6271, for two counts of grand larceny, a felony, on October 4, 1988, for both counts. Cox was sentenced to serve three years for each count to run consecutively. The trial court stated that the records accurately stated the indictments. However, the court was not convinced that the prior charges were separately brought and arose out of separate instances at different times.

The State stipulated in the record that in cause number 6271, count I, Cox entered a plea of guilty to theft of a Speed air, one horse power portable air compressor which occurred on January 9, 1988. In count II, Cox stole a blue three inch Thompson pump (Thrash pump) which occurred on January 2, 1988. There were two separate sentencing orders entered on each count. Cox's attorney agreed to stipulate the prior offenses. However, when asked if he agreed with his attorney to stipulate the prior offenses into record, Cox stated that he did not understand. In fact, Cox disagreed with the State and stated that the two thefts occurred on the same night. Furthermore, Cox stated that he did not understand why the prior convictions in 1988 pertained to his 1994 plea hearing and sentencing.

The State moved the trial judge to take judicial notice of the record and the court file in cause number 6271 and asked the court for leave to substitute certified copies at the conclusion of the hearing. Cox's attorney did not object. The trial court directed the State to make certified copies of cause number 6271 of the prior convictions as part of the record. The trial court determined that in cause number 6271, count I was a prior conviction which occurred on January 9, 1988, and count II prior conviction occurred on January 2, 1988, and that these two charges were brought out of two separate instances with different owners with a sentence of at least one year each in the penal institution. The trial court concluded that the prior convictions fulfilled the habitual offender statute requirement. Cox admitted he was the same person who was convicted of the two 1988 grand larceny charges.

The trial court sentenced Cox to three years with the Mississippi Department of Corrections as a habitual offender pursuant to Miss. Code Ann. § 99-19-81, and fined one thousand dollars. The court agreed to the State's request to retire cause number 6871, a separate cocaine charge, to the file pursuant to the plea agreement.

On July 10, 1995, Cox filed a petition to clarify sentence contesting his habitual offender status. On December 19, 1995, Cox filed a petition for post conviction collateral relief in Clay County alleging that he was wrongfully convicted as a habitual offender and the record failed to support a finding of habitual offender status.

On January 29, 1996, the Clay County Circuit Court ordered a hearing pursuant to Cox's post

conviction collateral relief petition and required the District Attorney to file an answer which was done on February 2, 1996. The State averred that Cox admitted to the prior convictions at his plea hearing and the court took judicial notice of the prior convictions.

On February 27, 1996, after reviewing the proceedings and the District Attorney's answer, the Clay County Circuit Court determined that Cox's petition is not well taken and the hearing not necessary. The trial judge then dismissed Cox's petition without a hearing and on March 12, 1996, Cox filed a notice of appeal.

Cox's claim is that his pleas to the two prior offenses were not voluntarily and knowingly entered. Cox also argues that he was coerced into pleading guilty and that his right to be tried within 270 days was violated.

In reviewing the record of the plea hearing there is a lack of factual background to imply that Cox was not tried within 270 days and there is no merit to that claim. On his question of being coerced to pleading guilty Cox failed to raise this issue at the trial level which would bar it; and further, the transcript of the hearing itself allows us to conclude that Cox was not coerced into pleading guilty.

While it is possible to conclude that Cox from this record did knowingly and voluntarily enter his guilty plea, that conclusion would encompass the finding that he was a habitual offender, a point which Cox disputes.

In other words, did Cox fully understand the proceedings and his rights and the maximum penalty when Cox did not understand why the prior convictions were relevant and he contested that the prior convictions occurred on the same night arising out of the same set of facts.

As it has been pointed out at the plea hearing, the State stipulated in the record Cox's prior convictions over Cox's protest that they were not separate offenses but arose out of the same set of facts and circumstances.

The trial judge granted leave to the State to provide certified copies of the convictions into the record. The record does not contain the certified copies of the prior convictions.

Matters on appeal are limited strictly to matters contained in the trial record. *Phillips v. State*, 421 So.2d 476, 478 (Miss. 1982)(citations omitted). With no record of any prior convictions before us, we may not determine that they were facially valid.

We therefore reverse and remand this case to the Circuit Court of Clay County, Mississippi for a determination on the record by the trial court of the validity of the prior convictions upon which the habitual status of Thomas Cox rests.

**REVERSED AND REMANDED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR. LEE, C.J., AND SMITH, J., NOT PARTICIPATING.**

1. In 1994, at the time of the hearing, the comparable rule was U.C.R.C.C.P. 3.03.

2. At the time of the hearing in 1994, the comparable rule was U.C.R.C.C.P. 6.04(3).