THOMAS, J.,
for the Court:
¶ 1. Jerry Lee Quinn appeals the denial of his post-conviction relief raising the following issue as error:
I. WHETHER THE PRIVILEGE AGAINST SELF-INCRIMINATION CAN BE RELINQUISHED, WITHOUT ADVISE THEREOF, PRIOR ' TO THE DEVELOPMENT OF CIRCUMSTANCES WHICH WOULD MAKE ITS EXERCISE APPROPRIATE.
¶ 2. Finding no error, we affirm.
*420 FACTS
¶ 3. Quinn entered a plea of guilty to the offense of possession of cocaine with intent to distribute on March 19, 1991. Quinn was sentenced to a term of six years in the custody of the Mississippi Department of Corrections. On September 20, 1993, Quinn was released from custody. Subsequently, Quinn was indicted on July 27, 1995 in the United States District Court for the Northern District of Mississippi for possession of a firearm. Quinn was found to be in possession of a .9 mm pistol upon execution of a search warrant by ATF agents and the Aberdeen Police Department. After receiving a jury trial, Quinn was found guilty. The Chief United States District Judge L.T. Senter, Jr., because of Quinn’s lengthy criminal history, sentenced Quinn to a term of 120 months in the custody of the United States Bureau of Prisons, followed by supervised release for a term of three years.
¶ 4. On May 9, 1997, Quinn filed a petition for post-conviction relief with the Circuit Court of Monroe County, seeking to vacate his 1991 plea, based on the fact that it was not knowingly and intelligently made because he was not advised sufficiently by the trial court of the consequences of the waiver of his right against self-incrimination. Post-conviction relief was denied on July 15, 1997. It is from this denial that Quinn now appeals.
ANALYSIS
I.
WHETHER THE PRIVILEGE AGAINST SELF-INCRIMINATION CAN BE RELINQUISHED, WITHOUT ADVICE THEREOF, PRIOR TO THE DEVELOPMENT OF CIRCUMSTANCES WHICH WOULD MAKE ITS EXERCISE APPROPRIATE.
¶ 5. Quinn argues that his 1991 plea should be vacated since the trial court failed to advise him that this conviction could be used for enhancement purposes should he subsequently commit any other crimes. The State counters that Quinn’s assignment of error is time-barred, and even if it is not, that the judge’s failure to advise Quinn that the conviction could be used for enhancement purposes in the future was not in error.
¶ 6. The Mississippi Supreme Court has consistently held that an attack on a facially valid prior conviction, used as a basis for a sentence as an habitual offender, must be brought in the form of a petition for post-conviction relief from that prior judgment of conviction after sentencing as an habitual offender. See Culberson v. State, 612 So.2d 342, 343-47 (Miss.1992); Phillips v. State, 421 So.2d 476, 481 (Miss.1982).
In fulfilling its mission to determine whether a prior conviction is constitutionally valid for the purpose of enhancing a defendant’s sentence, the trial court must not be placed in position of “retrying” the prior case. Certainly any such frontal assault upon the constitutionality of a prior conviction should be conducted in the form of an entirely separate procedure solely concerned with attacking that conviction. This role is neither the function nor the duty of the trial judge in a hearing to determine habitual offender status.
Phillips, 421 So.2d at 481-82.
¶ 7. However, in stating that an attack on a prior conviction must be done via a post-conviction relief motion, we do not mean to say that a prisoner has three years after his sentence as an habitual offender within which to file a post-conviction relief motion. Miss.Code Ann. § 99-39-5(2) (Rev.1994). The petition must still be filed within three years of the date of the conviction being attacked. Bevill v. State, 669 So.2d 14, 17 (Miss.1996); Culberson, 612 So.2d at 343-47. Quinn plead *421 guilty on March 19, 1991, was sentenced on April 17, 1991, and did not file his motion for post-conviction relief until May 9, 1997, more than six years later. Quinn argues that his motion is not procedurally barred because his case involves the important constitutional right to the privilege against self-incrimination. The exceptions to the time-bar are as follows: (1) intervening decisions of the United States Supreme Court or Mississippi Supreme Court which would adversely affect the outcome, (2) new evidence, (3) sentence has expired; probation, parole, or conditional release unlawfully revoked. Miss. Code Ann. § 99-39-5(2). Quinn offers no argument in his brief for any of the statutory exceptions to the procedural bar.
¶ 8. Quinn was advised during his plea colloquy that “by pleading guilty you are waiving your right to remain silent.” Quinn acknowledges that he was told by the trial court that his guilty plea would waive his right to remain silent, thus waive the right against self-incrimination; however, the trial court did not advise him that he would be relinquishing the right against self-incrimination in the circumstances of the guilty plea being used against him in a subsequent criminal proceeding. Nonetheless, because Quinn did not challenge the prior conviction used to trigger the career offender enhancement in a petition for post-conviction relief filed within the three-year statute of limitations, and provides us with no recognized exception under the statute, we consider the challenge forfeited.
¶ 9. Quinn would have us hold that he must be told of all possible direct or indirect accompanying consequences which might ensue from a plea of guilty. No authority is cited in support of this argument. Quinn’s argument would have a trial court explain any possible outcome of a guilty plea, no matter how tenuous the circumstance might be. The consequences of pleading guilty in a defendant’s future are too numerous to mention. Also, courts have a right to assume that the defendant will not be guilty of a subsequent offense. The court is under no duty to warn of such a nebulous result.
¶ 10. Nonetheless, we note that it is not at all clear that Quinn’s guilty plea to the 1991 charge was used to “enhance” his penalty. Obviously, it was Quinn’s status as a felon that made his possession of a weapon illegal and in violation of federal law, but it is not at all clear that this was used to enhance his penalty on the weapons charge, it merely constituted the predicate offense. In the clerk papers provided this Court, Quinn’s criminal history is considerably extensive. The federal sentencing judge found that due to Quinn’s serious criminal history, Quinn should serve the statutory maximum penalty as provided for the offense under federal law.
¶ 11. In the instant case, the Mississippi federal court proceeding is one over which the trial court in 1991 had no control and no responsibility. Any enhancement of Quinn’s sentence by the federal court is a collateral consequence of his guilty plea. We decline to impose on the trial judge what would become an unmanageable burden of advising the defendant of such a consequence.
¶ 12. It is still incumbent on a trial judge to ascertain that the defendant knew the possible penalties which might be imposed for the charged offense to which the plea was made and there is no contention that this was not done. Therefore, a plea’s possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea.
¶ 13. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
*422 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.