# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01857-COA

**KASEY CHANCE ROGERS**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:              11/20/2019
TRIAL JUDGE:                  HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:    JONES COUNTY CIRCUIT COURT,
                              SECOND JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                              BY: MOLLIE MARIE McMILLIN
                              KASEY CHANCE ROGERS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: SCOTT STUART
DISTRICT ATTORNEY:            ANTHONY J. BUCKLEY
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 05/18/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     A Jones County Circuit Court jury convicted Kasey Rogers of one count of possession of a firearm by a felon. The trial court sentenced Kasey to ten years in the custody of the Mississippi Department of Corrections (MDOC), with eight years to serve, and the remainder of the time suspended upon completion of two years of post-release supervision. Finding no arguable issues on appeal, Kasey's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). Kasey filed a supplemental pro se brief asserting claims of error and ineffective assistance of counsel.

¶2.     After thoroughly reviewing the record and Kasey's pro se brief, we find that Kasey's appeal presents no arguable issues, and no supplemental briefing is necessary. Finding no reversible issues in this case, we affirm Kasey's conviction and sentence.

## FACTS

¶3.     In May 2019, Kasey was indicted for possession of a firearm by a felon. This charge resulted from an altercation between Kasey; his brother, Cody Rogers; and his sister-in-law, Jessica Rogers. At a trial held on November 19, 2019, the parties stipulated to the fact that Kasey had been previously convicted of a felony crime.

¶4.     Jessica testified that on the morning of December 15, 2018, she and her husband, Cody, were at home with their son and two nieces. Jessica stated that she heard a vehicle pull up to their house, and she looked out the door and saw Kasey "walking through [their] driveway with a [shot]gun in his hand." Alarmed, Jessica stated that she shut the door to her home, but Kasey tried "to push [himself] in the house with the gun."

¶5.     Jessica testified that when Cody came to the door, she grabbed her son and ran inside the bathroom, locked the door, and called 911. Jessica testified that Kasey left the shotgun inside her home. Jessica explained that after the altercation, she gave the shotgun to an investigator.

¶6.     Officer Joshua King with the Jones County Sheriff's Department testified that on the morning of December 15, 2018, he was dispatched to Jessica's home in response to a report of a physical altercation at the residence. Officer King stated that when he arrived at the

2

residence, he observed a male who was wearing dark-colored pants and no shirt. Officer King testified that the man was running through the back door of the residence into the woods. Officer King stated that as soon as he noticed the man running through the woods, he began to pursue him on foot. However, Officer King was not able to locate the man. Officer King then contacted his partner to request the use of his K9 to track the man. Officer King testified that when his partner arrived, he showed him where he had last seen the man running in the woods.

¶7.	Officer King then went to the residence to speak to Cody and Jessica. Officer King testified that Jessica showed him the 12-gauge shotgun that Kasey left behind at the residence. Officer King confirmed that later that same afternoon, Kasey was apprehended and taken into custody.

¶8.	Investigator J.D. Carter of the Jones County Sheriff's Department testified that on December 18, 2018, three days after Kasey's arrest, he collected the 12-gauge shotgun at issue from Jessica's home.[1] At trial, Investigator Carter identified the shotgun admitted into evidence as State's exhibit 1 as the same gun he collected from Jessica's home.

¶9.	Investigator Carter also testified that he interviewed Kasey regarding the altercation. He confirmed that Kasey signed a *Miranda*[2] waiver. The State then played the video of the interview for the jury. During the interview, Kasey admitted to bringing the gun to Jessica's

---

[1] The record reflects that Kasey was arrested on a Friday, and Investigator Carter collected the shotgun the following Monday.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

house.

¶10. The jury also heard testimony from Kasey. Kasey denied having a shotgun at Jessica's home. Kasey claimed that during his interview with Investigator Carter, he "told [Investigator Carter] what he wanted to hear"— that Kasey did have a gun at Jessica's house. Kasey also claimed that Cody and Jessica were trying to frame him and send him to prison in order to steal property from Cody and Kasey's father.

¶11. The jury ultimately found Kasey guilty of possession of a firearm by a felon. The trial court then sentenced Kasey to ten years in the custody of the MDOC, with eight years to serve, and the remaining time suspended upon condition of Kasey's successful completion of two years of post-release supervision. The trial court also imposed fines and court costs. The trial court further found that the crime of possession of a firearm by a felon "should be classified as a crime of violence pursuant to [Mississippi Code Annotated section] 97-3-2(2)."

¶12. Kasey filed a motion for new trial or judgment notwithstanding the verdict, which the trial court denied. Kasey is presently incarcerated, and he now appeals his conviction and sentence.

## DISCUSSION

¶13. In *Lindsey*, the Mississippi Supreme Court set forth a procedure for appellate counsel to follow "when no appealable issues are apparent from the record on appeal." *Walter v. State*, 297 So. 3d 264, 266 (¶10) (Miss. 2020) (citing *Lindsey*, 939 So. 2d at 748 (¶18)). The

4

procedure outlined in *Lindsey* requires appellate counsel to take the following action:

(1)     File and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)];

(2)     Certify in the brief that there are no arguable issues supporting the client's appeal, and that the attorney has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing; and

(3)     Send a copy of the brief to the defendant, inform the defendant that counsel could find no arguable issues in the record, and advise the defendant of his or her right to file a pro se brief.

*Id*. at 266-67 (¶10); *see also Lindsey*, 939 So. 2d at 748 (¶18).

¶14.    This Court will then "determine, based on [our] review of the record and any pro se brief filed, if there is any arguable issue." *Johnson v. State*, 307 So. 3d 500, 502 (¶7) (Miss. Ct. App. 2020).  If this Court finds any arguable issue, we "will require appellate counsel to submit supplemental briefing on that issue 'regardless of the probability of the defendant's success on appeal.'" *Id*.  "[O]nce briefing is complete, . . . [we will] consider the case on the merits and render a decision."  *Id*.

¶15.    In the present case, Kasey's appellate counsel has complied with the procedure set forth in *Lindsey*.  As stated, Kasey also filed a pro se brief in which he asserts claims of error relating to his 2016 grand larceny conviction, including ineffective assistance of counsel. Kasey also claims that Cody and Jessica have power of attorney over him and that they used

5

this authority to steal money from him. However, Kasey's conviction for grand larceny is not properly before this Court on appeal, and the record before us contains insufficient information to address his claims. On direct appeal, an appellate court's review "is limited to the trial record." *Sandlin v. State*, 156 So. 3d 813, 819 (¶20) (Miss. 2013). "Facts outside the scope of the record before us cannot be considered by us here." *Phillips v. State*, 421 So. 2d 476, 483 (Miss. 1982). Furthermore, "issues of ineffective assistance of counsel are more appropriate in a motion for post-conviction relief." *Sandlin*, 156 So. 3d at 819 (¶20).

¶16. After thoroughly reviewing the record, we were unable to find any arguable issues for appeal. The evidence before us sufficiently supports Kasey's conviction of possession of a firearm by a felon. Accordingly, Kasey's conviction and sentence are affirmed. We also dismiss Kasey's claims of ineffective assistance of counsel without prejudice to his ability to raise them in post-conviction proceedings.

¶17. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**