GRAHAM *v.* GRAHAM.

Apr. 21, 1952.

No. 38292 (58 So. (2d) 85)

T. W. Graham, pro se.

Hugh N. Clayton, for appellee.

Holmes, J.

On August 5, 1947, appellant filed his original bill in the Chancery Court of Benton County, seeking to cancel a conveyance of 100 acres of land to his son, the appellee, upon the ground that the same was never delivered. The appellee answered, and from time to time the hearing of the cause was postponed as disclosed by orders of the court appearing in the record. On May 3, 1950, the appellee filed an amendment to his answer. On October 2, 1950, the appellant, who was the complainant in the court below, filed a motion to dismiss the cause without prejudice and at his costs. On this motion the trial court rendered a decree dismissing the cause without prejudice. From this decree the appellant appeals, assigning as error the action of the trial court in dismissing the cause with prejudice.

The briefs on both sides indulge in assertions of fact not disclosed by the record, each in the effort to cast upon the other the responsibility for delay in bringing the cause to a hearing. We must, however, confine our consideration of the case to the record only. According to the record the appellant timely sought by motion to voluntarily dismiss his suit without prejudice. This he had the right to do under Section 1538 of the Mississippi Code of 1942, which section is applicable to suits in equity by virtue of Section 1412 of the same code. No advantage had theretofore been gained by the appellee which deprived the appellant of his right to take without

prejudice a voluntary dismissal of his suit, and his motion should have been sustained.

"The right of a complainant to take without prejudice a voluntary dismissal, said to have been an original right in equity, is now placed beyond all question by our statute; and the privilege continues up to the time when the cause has been submitted to the chancellor for final decision upon the merits of the case. * * *" Griffith, Mississippi Chancery Practice (2d ed.) par. 534, p. 550.

In the case of Allison v. Camp Creek Drainage District of DeSoto County, 211 Miss. 354, 51 So. (2d) 743, 747, the court held that "a party to a suit in chancery has the right to take without prejudice a voluntary dismissal 'up to the time when the cause has been submitted to the chancellor for final decision upon the merits of the case.'" Again in Adams v. Lucedale Commercial Company, 113 Miss. 608, 74 So. 435, the Court held that the only limitation of the rule is in cases wherein the defendant has secured some right by the filing of the bill which would be destroyed by its dismissal, and that in cases not coming within the limitation the chancellor has no discretionary power in considering an application of the complainant to discontinue his action.

Accordingly the decree of the court below is reversed, and a decree will be entered here dismissing the original bill without prejudice to the appellant, and assessing the appellant with the court costs accrued in the court below up to and including appellant's motion to dismiss and proper order thereon.

Reversed and decree here for appellant.

**Roberds, Alexander, Hall,** and **Arrington, JJ.,** concur.