FEDERATED MUTUAL IMPLEMENT & HARDWARE INS. CO., et al. *v.* SPENCER.

Nov. 23, 1953

No. 38969 44 Adv. S. 81 67 So. 2d 878

*Ely B. Mitchell*, Corinth, for appellants.

*Orma R. Smith,* Corinth, for appellee.

Lee, J.

The evidence in this case fully warranted the finding by the attorney referee, which was affirmed by both the Commission and the circuit court, that the claimant, Joseph L. Spencer, sustained an injury to his back at a time when he was engaged in performing the duties of his employment with Prentiss Truck and Tractor Company, namely, in attempting to crank a tractor.

■■ The medical evidence was sufficient to show that the injury lighted up and accelerated a pre-existing dormant arthritic condition, and was a contributing cause of the disability. ■■ Under such circumstances, the disability is compensable. Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So. 2d 645; Cowart v. Pearl River Tung Co., (Miss.) 67 So. 2d 356; Vol. 1 Larson's Workmen's Compensation Law, Sec. 12.20, page 170.

■■ Appellate courts must consider appeals on the records as made before the trial courts. Graham v. Graham, 214 Miss. 99, 58 So. 2d 85. Hence, the motion of the appellants to include, as a part of the record in the appeal

then pending before the circuit court, a report of the doctor, who performed an operation on the claimant after the hearing before the Commission, was properly overruled. Vol. 5-A, Section 6998-26, Code 1942 Recompiled. The circuit court, in that instance, was an appellate court. The insurance company, according to the finding of the hearing officer, had paid weekly benefits of $25.00 through September 12, 1951, and then discontinued such payments. The order of December 3, 1951, directed the reinstatement of such payments and their continuance in accordance with the provisions of the Workmen's Compensation Act. That action is affirmed, and damages in the amount of 5% and lawful interest on such accrued payments between those dates are allowed here.

 It was timely suggested that the appellee died on April 12, 1953, and the cause was revived in the name of Mrs. Mattie Spencer, Administratrix. Since the record does not, and could not, show the continuance of disability after December 3, 1951, until death, the cause is remanded so that the Commission may determine that question and act accordingly.

Affirmed and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.