Dixie Pine Products Co., et al. *v.* Dependents of Bryant

No. 40206          September 24, 1956          89 So. 2d 589

*M. M. Roberts,* Hattiesburg, for appellant.

*Pyles & Tucker,* Jackson; for appellee.

Lee, J.

Woodrow Bryant, a Negro man, thirty-eight years of age, had been a regular employee of Dixie Pine Products Company since August 1, 1946. His health had been good since his marriage to Mattie Mae Bryant in 1941. On August 5, 1952, in the course of his employment, the

boom of a winch, which was being used to pick up timbers, fell and hit him on the left side of his back. His foreman sent him to Dr. Joseph G. McKinnon, who found a contusion at the point of impact. He was sent home for hot packs and rest. When he reached home, his wife noticed a knot or swollen place where the injury had occurred. The employee returned to work the next day. From day to day the knot grew, and Bryant complained of pain. Finally on September 29th thereafter, he returned to the doctor, who found a large hard immovable mass in the area where the man had been injured. The condition was then diagnosed as a hematoma, or blood clot. Some time later, Dr. Francis R. Conn was called into conference, and, on October 21st, these doctors excised the growth. Specimens were sent to a pathologist, but his report did not show the growth to be malignant. Subsequently the employee worked from December 4th to 12th. However, hemorrhages developed and he could not work longer. Later he was sent to a hospital where he died February 24, 1953. The immediate cause of death was sarcoma. His weekly wage was in excess of $30, and his widow, Mattie Mae Bryant, and his mother-in-law, Chellie Adams, were shown to be dependents.

At the close of the hearing, the attorney-referee awarded weekly benefits of $10.78 to Mattie Mae Bryant, the widow, during her widowhood, and $4.62 to Chellie Adams, a totally dependent parent, but in neither instance to exceed four hundred and fifty weeks. On review, at the instance of the employer and its carrier, by the Commission, and thereafter on appeal to the circuit court, the award was affirmed. The appellants have prosecuted an appeal to this Court.

The basis for the award was that the injury to the back lighted up, aggravated or accelerated a pre-existing, dormant cancerous condition.

Dr. Conn was of the opinion from the history of the trauma, his physical findings, and the patient's general

discomfort, prior to surgery, that the mass was a hematoma or blood clot. After a difficult operation, he was of the opinion that the growth was malignant, but ·the pathologist pronounced the· disease to be lipoma. The doctor explained that the type of cancer was such that, after disturbing it by removing, the cells quickly gained speed. Although he was called as a witness by the defendants, it was his opinion that trauma alone is not the cause· of cancer; that the cancer was present before Bryant received the trauma.; and that he ''did have some increase in the rate of growth in this cancer from the trauma he received * * *''

██ █ Dr. McKinnon was likewise emphatic that the blow did not cause the cancer, and on direct examination, gave it as his opinion that there was no connection between the accident and the cancerous growth. It was his opinion that Bryant had a predisposition or already had this cancer, which was dormant in his system at the time of his examination. He was of the belief that there was no way to answer whether the blow and the subsequent operation may have aggravated or accelerated the pre-existing or quiescent condition. Finally he ventured the answer thereto as follows: ''I can only say it may have.'' Again he said: ''I can't say that the injury didn't cause the cancer to start running.'' Thus the medical testimony and the other enumerated circumstances constituted substantial evidence that the trauma to Bryant's back lighted up, aggravated, accelerated, or combined with a pre-existing cancerous condition to produce. his death.

██ █ It has been repeatedly held that if the employment aggravates or accelerates a pre-existing disease or infirmity, or combines with the disease or infirmity to produce the death or disability, then such death or disability is compensable. Vol. 1, Larson's Workmen's Compensation Law, Section 12.20, p. 170; Ingalls Ship-building Corporation v. Byrd, 215 Miss. 234, 60 So. 2d 645;

Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So. 2d 356; Federated Mutual Implement & Hardware Insurance Company v. Spencer, 219 Miss. 68, 67 So. 2d 878; Tate v. Dr. Pepper Bottling Company, 220 Miss. 311, 70 So. 2d 602; W. G. Avery Body Company v. Hall, 224 Miss. 51, 79 So. 2d 453; Miss. Federated Cooperatives v. Jefferson, 224 Miss. 150, 79 So. 2d 723.

Vol. 1, Larson's Workmen's Compensation Law, Sec. 12.20, at p. 172, in regard to cancer, says: " 'Aggravating' the disease is exemplified by cancer cases in which the malignant growth is ruptured or spread by occupational exertions, or in which its development is hastened by strains, impacts or accidents in the course of employment.'' The author in the volume and in the 1956 supplement thereto cites a large number of cancer cases. See also Milne v. Atlantic Machine Tool Works, Inc., 61 Atl. 2d 225, a New Jersey case; Custer v. Higgins Industries, 24 So. 2d 511, a Louisiana case; Winchester Milling Corporation v. Sencindiver, 138 S. E. 479, a Virginia case; Shepard v. Carnation Milk Co., 262 N. W. 110, an Iowa case; Dundee Woolen Mills v. Chisholm, 219 S. W. 2d 628, an Arkansas case. This Court, in Williams Brothers Company v. McIntosh, 226 Miss. 553, 84 So. 2d 692, affirmed an award for death benefits under the workmen's Compensation Law where a blow on the head of the employee, in the course of his employment, accelerated the growth and development of an astrocytoma tumor as a result of which the employee's life was shortened.

Consequently the appellants' contention that it was error to make an award in this case must be overruled.

After the decision by the attorney-referee, the appellants requested a review or hearing by the Commission, which request was granted. Although Dr. McKinnon had testified in detail before the attorney-referee, the appellants sought to introduce before the Commission, as additional evidence, an ex parte deposition of the doctor, in which he expressed the opinion that he was more of

an expert on cancer than Dr. Conn. In his oral evidence before the attorney-referee, he was asked if he considered Dr. Conn "qualified to render an opinion as to whether or not this trauma or this blow caused this cancer, accelerated this cancer or aggravated this cancer? Would you consider him as qualified by training and your knowledge of his ability to render an opinion?", and he replied "Uh huh." Among other things in the ex parte statement, he said this: "It is very doubtful, in my opinion, that the trauma he received necessarily contributed to his eventual demise." The Commission received the deposition, but declined to accept it as evidence, and the appellants assign this action of the Commission as error.

By Section 6998-47, Code of 1942 Annotated, provision is made for the appointment of necessary officers and employees to administer the Workmen's Compensation Law. Among these are attorney-referees, who, in conducting hearings and making decisions upon claims, have the authority of a commissioner.

Under Section 6898-24 thereof, the details of practice and procedure in the settlement and adjudication of claims are, generally speaking, determined by the rules of the Commission; and express authority is granted for a duly designated representative of the Commission to conduct hearings in contested cases. Under its procedural rule 7, the Commission, in its discretion, may hear additional evidence. It would never do to convert the review by the Commission into simply a continuation of the hearing before the attorney-referee. This would result in unreasonable expense and delay. The Commission did not abuse its discretion in refusing the admission of the deposition complained about.

The several other assignments have been duly considered, and have been found to be without merit.

The original award did not allow the immediate lump sum payment of $100, nor the reasonable funeral expenses, shown to be $258, as provided for by Section

6998-13, (a) and (b) thereof, nor for compensation benefits to the deceased employee from November 17, 1952, to February 24, 1953, less eight days from December 4th to 12th. But there was no appeal by the claimants either from the decision of the attorney-referee or the Commission. Consequently, the cross appeal of the complainants cannot now be considered by this Court.

It follows that the cause must be affirmed.

Affirmed, and remanded to the commission.

*Roberds, P. J.*, and *Hall, Kyle* and *Holmes, JJ.*, concur.