740 So.2d 342 (1999)
Mary Joyce BAUGH, Appellant,
v.
CENTRAL MISSISSIPPI PLANNING AND DEVELOPMENT DISTRICT and American States Insurance Company, Appellees.
No. 97-CC-01313-COA.
Court of Appeals of Mississippi.
April 6, 1999.
Rehearing Denied June 22, 1999.
Certiorari Denied September 23, 1999.
*343 David N. Gillis, Jackson, Attorney for Appellant.
Betty B. Arinder, Jackson, Attorney for Appellee.
BEFORE McMILLIN, C.J., KING, P.J., AND DIAZ, J.
KING, P.J., for the Court:
¶ 1. This is a workers' compensation case appealed by Mary Joyce Baugh from the Circuit Court of the First Judicial District of Hinds County. The circuit court affirmed the findings of the Mississippi Workers' Compensation Commission in full. On appeal, Ms. Baugh argues that the Commission's order is not supported by substantial evidence, is contrary to the overwhelming weight of the evidence and is contrary to law. In particular, she raises the following:
(A) The Commission erred in finding claimant sustained a 25% industrial disability; claimant is 100% totally occupationally disabled.
(B) The Commission erred in finding that the medical treatment rendered after March 1, 1995, by Dr. Williams, Dr. Huddleston, and River Oaks Hospital was not reasonable and necessary and that the employer and carrier were not obligated to provide and pay for those services.
(C) The Commission erred in failing to apply the Mississippi Workers' Compensation Act in a just and reasonable manner and in failing to give due regard for the beneficent intent and purpose of the Act, resulting in a manifest injustice to the claimant. *344 We find no merit to these arguments and affirm the finding of the Commission and circuit court.

FACTS
¶ 2. Ms. Baugh was employed as a licensed practical nurse (LPN) by Central Mississippi Planning and Development District when she was injured on December 19, 1991. Ms. Baugh was assisting a patient to the restroom when the patient lost her balance. Ms. Baugh tried to keep the patient from falling, but both she and the patient fell. At the time of the accident, Ms. Baugh complained of pain in her head, shoulders and lower back. She first sought treatment on December 21, 1991, with Dr. Indira Veerisetty, who prescribed pain medicine, anti-inflammatories and muscle relaxers. Dr. Veerisetty diagnosed Baugh as having chronic lumbrosacral pain and depression.
¶ 3. In March 1992, Baugh was referred to Dr. G.H. Holloman, Jr., a psychiatrist, who referred her to Dr. Ronald Williams because of continued complaints of pain in her lower back and legs, headaches and shoulder pain. Dr. Williams assigned her a permanent impairment of 9% to the body as a whole and restricted her to lifting no more than 10 pounds and to sitting, standing and walking no more than 20 minutes at a time. In December 1993, Baugh began receiving treatment from Dr. L.C. Huddleston, a chiropractor.
¶ 4. At the request of the carrier, Baugh was examined by Dr. Louis Harkey, III, on or about February 6, 1995. He assigned her a 10% permanent impairment to the body as a whole and attributed at least 50% of the permanent impairment to the work related injury. He did not assign any work restrictions.
¶ 5. The administrative law judge and the Commission found that maximum medical recovery from claimant's physical injury was reached on May 3, 1993, but claimant's disability from mental and emotional problems continued until October 7, 1993.
¶ 6. Ms. Baugh returned to work with Central on January 6, 1992, worked until February 5, 1992, and has not worked anywhere else since that time.

DISCUSSION
¶ 7. There are two contested issues, and these are the nature and extent of disability sustained by the claimant as a result of her work related injury and whether medical treatments received by the claimant after March 1, 1995, from Dr. Williams, Dr. Huddleston and River Oaks Hospital were reasonable and necessary. The Commission found that Baugh was temporarily and totally disabled from December 20, 1991 through October 6, 1993, and sustained a 25% occupational disability. The Commission found that the treatment rendered by Dr. Williams, Dr. Huddleston, and River Oaks after March 1995 was not shown to be necessary for Baugh's recovery and return to health and vocational opportunity.
¶ 8. Under our deferential standard of review, "[t]he findings and order of the Mississippi Workers' Compensation Commission are binding on this Court so long as they are supported by substantial evidence." Sibley v. Unifirst Bank, 699 So.2d 1214, 1217 (Miss.1997). The Commission's finding will be reversed on appeal only where such finding is clearly erroneous and contrary to the overwhelming weight of the evidence. Id. at 1218. Where two or more qualified medical experts reach different conclusions, we "will not determine where the preponderance of the evidence lies when the evidence is conflicting, the assumption being that the Commission, as the trier of fact, has previously determined which evidence is credible, has weight, and which is not." Oswalt v. Abernathy & Clark, 625 So.2d 770, 772 (Miss.1993). Thus, we are bound by factual findings made by the Commission even if the evidence on the record would lead this Court to a different conclusion. Sibley, 699 So.2d at 1218.

*345 I
¶ 9. The administrative law judge and the Full Commission found that Baugh suffered a 25% industrial loss due to the accident, based on the medical records and testimony presented at the hearing. Medical testimony from Dr. Veerisetty, Dr. Ron Williams, Dr. G.H. Holloman, Dr. L.C. Huddleston and Dr. Louis Harkey, III was presented.
¶ 10. The claimant was primarily treated by Dr. Williams who noted in his medical records that claimant had reached maximum medical improvement as of May 13, 1993. However, the claimant was also being treated by Dr. Holloman, a psychiatrist, who concluded that claimant was suffering from compensation neurosis and depression, and he was not sure that she wanted to get better. His records reflect that as of October 7, 1993, he had nothing further to offer the claimant and scheduled her for an evaluation in six months for monitoring purposes. Based on this evidence, the Commission and the administrative law judge determined that claimant reached physical maximum medical improvement as of May 13, 1993 and reached mental maximum medical improvement on October 7, 1993.
¶ 11. Baugh's contention is that the Commission failed to give substantial weight to the opinions of Dr. Holloman, her psychiatrist, that she is totally disabled as a result of her mental impairment. In a September 29, 1995 report, Dr. Holloman wrote that "the prognosis is poor for recovery which renders Ms. Baugh totally disabled from any gainful employment."
¶ 12. As Baugh notes, there was other evidence in direct conflict with this conclusion. Dr. Harkey, who examined Baugh at the request of the carrier, concluded that Baugh could return to work without restriction. Dr. Williams, her primary treating physician, had earlier placed some restrictions on her but concluded that she could return to work. The other evidence came from Pete Mills, a vocational specialist, who found that Baugh's prognosis for returning to the job market was excellent and that he did not otherwise believe that she sustained any loss of wage-earning capacity because of her injury. Mills testified that based on his evaluation and job search that he thought Baugh had a wage earning capacity equal to or greater than her previous salary level. Mills notified Baugh of several available LPN jobs which complied with restrictions which Dr. Williams had placed on her. Baugh testified that she did make some telephone inquiries about these jobs, but never filled out an application for employment
¶ 13. We hold that the decision of the Commission is supported by substantial evidence and find no basis for reversal.

II
¶ 14. The remaining issue concerns the reasonableness and necessity of certain treatments rendered to Baugh from and after March 1, 1995, by Dr. Ronald Williams, Dr. L.C. Huddleston, and River Oaks Hospital. The treatments at issue consisted of a series of epidural blocks, trigger point injections, electrical stimulation, traction and physical therapy.
¶ 15. As the Commission found, the workers' compensation law, found in Miss. Code Ann. § 71-3-15(1)(Rev.1995), provides that the employer shall furnish medical treatment required "by the nature of the injury or the process of recovery."
¶ 16. Dr. H. Louis Harkey, III, who evaluated Baugh on February 6, 1995, offered the opinion that the services provided by Dr. Williams and Dr. Huddleston after March 1, 1995, were neither reasonable nor necessary. Dr. Williams responded that he would not perform any service which he did not feel was necessary.
¶ 17. The Commission concluded that there was insufficient evidence that the treatments were necessary to Baugh's recovery and return to health and vocational opportunity. Baugh's own testimony was that she only obtained temporary benefit from these treatments. The Commission was unable to find any measurable improvement as a result and concluded that *346 the disputed services were "merely palliative measures useful only to provide temporary relief from allegedly recurring episodes of pain and discomfort."
¶ 18. The Mississippi Supreme Court has consistently held that "if the fact-finding is based on substantial evidence, the reviewing court lacks the power to reverse-even though the evidence would not convince the court were it the fact-finder." R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1022 (Miss.1990). Our review leads us to the conclusion that the circuit court correctly affirmed the Commission's finding.
¶ 19. In reaching our conclusion affirming the finding of the Commission, we have not lost sight of the beneficent intent and purpose of the Workers' Compensation Act. While the Act does provide for liberality, it does not allow us to rewrite or reject the evidence to reach the conclusion the claimant seeks.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.