773 So.2d 399 (2000)
INTERNATIONAL PAPER COMPANY, Self-Insured, Appellant,
v.
Thomas A. GREENE, Appellee.
No. 1999-WC-02092-COA.
Court of Appeals of Mississippi.
November 28, 2000.
*400 William A. Patterson, Jackson, Chandra Thrash Lee, Clinton, Robert Lee Grant, Ridgeland, Attorneys for Appellant.
Bobby G. O'Barr, Sr., Biloxi, Attorney for Appellee.
BEFORE KING, P.J., MOORE, AND THOMAS, JJ.
MOORE, J., for the Court:
¶ 1. This case is before the court challenging the judgment of the administrative judge, the Workmen's Compensation Commission, and the Jackson County Circuit Court awarding Thomas A. Greene benefits. Aggrieved by this decision, International Paper Company perfected this appeal raising the following issues for our review:
I. THE FINDING OF THE ADMINISTRATIVE JUDGE, THE FULL COMMISSION, AND THE CIRCUIT COURT THAT THE CLAIMANT SUSTAINED A WORK-RELATED INJURY ON JULY 9, 1996 AND PRIOR THERETO WAS AGAINST THE SUBSTANTIAL WEIGHT OF THE EVIDENCE.
II. THE CLAIMANT WAS NOT INJURED IN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH INTERNATIONAL PAPER COMPANY, AND THUS THE EXISTENCE, EXTENT, AND NATURE OF TEMPORARY AND/OR PERMANENT DISABILITY IS IRRELEVANT.
Finding no error, we affirm.

FACTS
¶ 2. Thomas Greene was employed at International Paper Company from 1981 until 1996. During that period, Greene held various positions within the company. Most, if not all, of his duties required him to be in an environment where he frequently inhaled many types of chemicals. International Paper Company administers breathing tests to their employees annually. In 1993, Greene's annual breathing test reflected signs of an obstructed airway. At that point, Greene discontinued smoking cigarettes. In 1995, Greene developed asthma which worsened considerably by 1996. Greene's treating physician, Dr. Gary Rodberg, declared Greene unable to work at the paper company and any other job where Greene would have to inhale chemicals of any kind or exert himself. Upon Dr. Rodberg's recommendation, Greene was granted Social Security *401 disability benefits in June of 1997 retroactive to June 18, 1996.
¶ 3. The administrative judge who awarded Greene workmen's compensation benefits relied heavily on the testimony of Dr. Rodberg in deciding that Greene had sustained a work related injury. Rodberg testified that Greene had suffered irreversible damage to his lungs as a result of inhaling the chemicals at International Paper Company and now has only sixty percent use of his lungs. Greene must take various kinds of medicines including steroids which have resulted in weight gain and increased blood pressure and heart rate. Greene also testified about the severity of his asthma, stating that he could no longer exert himself beyond walking short distances and he could not tolerate smelling any chemicals such as perfumes or deodorant. A co-worker of Greene's, Mike Carr, testified about the times he saw Greene suffer asthma attacks at the paper company and about how Greene seemed to worsen from 1995 to 1996. International Paper Company also provided a medical expert, Dr. Robert N. Jones, who examined Greene once and concluded that Greene's asthma was not caused by the environment at the plant. However, Jones testified that the environment at the plant may have aggravated Greene's existing asthma.

LAW AND ANALYSIS
¶ 4. The standard of review for this matter is well settled. The findings and order of the Workmen's Compensation Commission are binding on this Court so long as they are supported by substantial evidence. Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988). The claimant bears the burden of proving by a fair preponderance of the evidence each element of the claim. Bracey v. Packard Elec. Div., Gen. Motors Co., 476 So.2d 28, 29 (Miss.1985). These elements are: (1) an accidental injury, (2) arising out of and in the course of employment, and (3) a causal connection between the injury and the death or claimed disability. Miss.Code Ann. § 71-3-3 (Rev.1995). Once the claimant makes out a prima facie case of disability, the burden of proof shifts to the employer. Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss.1978).

I. WHETHER THE FINDING OF THE ADMINISTRATIVE JUDGE, THE FULL COMMISSION, AND THE CIRCUIT COURT THAT THE CLAIMANT SUSTAINED A WORK-RELATED INJURY ON JULY 9, 1996 AND PRIOR THERETO WAS AGAINST THE SUBSTANTIAL WEIGHT OF THE EVIDENCE?
¶ 5. International Paper Company argues that Greene's asthma is not a work-related injury and is therefore not compensable. The case of Hedge v. Leggett & Platt, 641 So.2d 9 (Miss.1994), is quite similar to the case at hand. There, the employee also suffered from asthma and the court found that there was substantial evidence the show permanent disability. Id. The court has also stated that an injury is considered to arise out of and in the course of employment even if it "amounts to aggravation or exacerbation of a pre-existing condition." Id. at 10. Therefore, asthma is a compensable injury. The workplace irritants do not have to be the primary cause of the injury, but only aggravate the injury. Hedge, 641 So.2d at 14, (citing Ingalls Shipbuilding Corp. v. Howell, 221 Miss. 824, 74 So.2d 863 (1954)).
¶ 6. International Paper Company also argues that the administrative judge and the Commission relied too heavily on the testimony of Dr. Rodberg, Greene's treating physician, and not heavily enough on the testimony of Dr. Jones, the expert brought in by the paper company. The Mississippi Supreme Court has spoken to this issue stating: "Where medical expert testimony is concerned, this Court has held that whenever the expert evidence is conflicting, the court will affirm the commission whether the award is for or against the claimant." Kersh v. Greenville *402 Sheet Metal Works, 192 So.2d 266, 268 (Miss.1966). The Commission, as fact finder, is entitled to weigh the competing testimonies and render its decision accordingly, provided that the acceptance of the testimony over that of the other did not result in a decision which was clearly erroneous. Baugh v. Central Miss. Planning and Dev., 740 So.2d 342 (¶ 8) (Miss.Ct.App. 1999). The court in Hedge faced the same dilemma of conflicting medical testimony. The treating physician testified that the work exposure was a contributing factor to the employee's asthma, while the expert hired by the employer testified that the work environment probably did not cause the asthma, but could not say that the work exposure did not exacerbate the asthma. The court found that the expert's testimony was deficient for purposes of rebutting the affirmative testimony of the treating physician. Hedge, 641 So.2d at 12.
¶ 7. As far as the consideration of public policy in workmen's compensation cases, doubtful cases must be resolved in favor of compensation, so as to fulfill the beneficent purposes of the statute. Reichhold Chem., Inc. v. Sprankle, 503 So.2d 799, 802 (Miss.1987).
¶ 8. Greene's asthma has been aggravated by work exposure according to the medical testimony of Dr. Rodberg and Dr. Jones. Dr. Jones examined Greene once and offered no affirmative testimony to rebut the evidence that the work environment at International Paper Company exacerbated Greene's illness. Considering the standard of review set out in Kersh and Baugh, we find that the Commission properly weighed the medical testimonies of the two doctors. With that in mind, and considering the public policy considerations, we find that there was substantial evidence on which the administrative judge, the Commission, and the circuit court based their decision to award Greene benefits.

II. WHETHER THE CLAIMANT WAS INJURED IN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH INTERNATIONAL PAPER COMPANY, AND THUS WHETHER THE EXISTENCE, EXTENT, AND NATURE OF TEMPORARY AND/OR PERMANENT DISABILITY IS IRRELEVANT?
¶ 9. Disability is defined as incapacity due to injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment. Miss.Code Ann. § 71-3-3(i) (Rev.1995). Generally, "a claimant must seek, after the disability subsides, employment in another or different trade to earn his wages." Coulter v. Harvey, 190 So.2d 894, 897 (Miss.1966). The factors to consider in deciding whether the claimant has made an attempt to find employment are: (1) economic and industrial aspects of the local community, (2) the jobs available in the community, (3) the claimant's general educational background, including work skills and the particular nature of the disability for which compensation is sought. Thompson, 362 So.2d at 640. After the claimant makes out a prima facie case of disability, the burden of proof shifts to the employer. Then the employer may present evidence showing that the claimant's efforts to obtain other employment were a mere sham, or less than reasonable, or without proper diligence. Id. at 641.
¶ 10. International Paper Company argues that the extent of Greene's disability is irrelevant because his claim is not compensable. In accord with that position, International Paper Company has failed to offer any substantive evidence as to the extent of Greene's disability. According to Greene's treating physician, Dr. Rodberg, Greene is totally disabled due to his age, education, training, work experience, and impairment. Greene has made out a prima facie case of disability, therefore, the burden of proof has shifted to International Paper to show that Greene has not made a reasonable effort to obtain employment. International Paper has offered no evidence to prove any of the factors set out *403 in Thompson. We concur with the lower tribunals in their finding that Greene was injured in the course and scope of his employment with International Paper and with their decision to award Greene permanent disability benefits.
¶ 11. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT AWARDING WORKER'S COMPENSATION BENEFITS TO THE APPELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.